## 11260

### AMICK v. WESSINGER *ET AL.*

#### (118 S. E., 32)

APPEAL AND ERROR—APPELLANTS HAVE BURDEN OF SHOWING THAT FIND-ING CONTRARY TO PREPONDERANCE OF TESTIMONY.—Appellants have the burden of showing that a Circuit Judge's finding of fact is contrary to the preponderance of the testimony.

Before MOORE, J., Lexington, March, 1922. Appeal dismissed.

Action by C. O. Amick against Sallie A. Wessinger, Nettie A. Shull *et al.* From a judgment for plaintiff the defendants named appeal.

*Messrs. Efird & Carroll,* for appellants. No citations.

*Messrs. Timmerman & Graham,* for respondents, cite: *Burden on appellants to show findings of fact erroneous:* 117 S. C., 536; 116 S. E., 96; 107 S. C., 369; 90 S. C., 319; 91 S. C., 129; 100 S. C., 149; 100 S. C., 457.

June 26, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This action was commenced in March, 1919, for the purpose of enjoining the defendants from cutting timber which the plaintiff claims under a contract of sale, and for the purpose of an accounting between the respondent and appellants, and for damages caused to the plaintiff as alleged by the acts of the defendants, in cutting down his timber. * * * Notice of intention to appeal was served on Messrs. Timmerman & Graham, attorneys for the plaintiff-respondent, on May 25, 1922, but no notice of intention to appeal was served on T. M. Kanady and Sedecia Kanady.

"The defendants Sallie A. Wessinger and Nettie A. Shull appeal from the Circuit Decree, and allege that his Honor, Judge Moore, erred in finding that, at the time of the expiration of the first contract of the plaintiff-respondent with the defendants-appellants, there was standing on the land in question 400,000 feet of timber, for the reason that this finding is against the greater weight and preponderance of the evidence in the case."

There is only a single question involved, and that is whether the finding by his Honor the Circuit Judge upon a single fact was contrary to the preponderance of the testimony.

The appellants' attorneys have failed to satisfy this Court of such fact, and the appeal is dismissed.